F I L E D
 Clerk
District Court
JUL 10 2023
for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| BIGBANG ENTERTAINMENT, LLC,<br>  Plaintiff,<br><br>  v.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>  Defendant. | Case No. 1:23-cv-00008<br><br>DECISION AND ORDER SUA SPONTE REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION |

On March 31, 2023, Plaintiff BigBang Entertainment, LLC, ("BigBang") initiated this civil lawsuit against Defendant Imperial Pacific International (CNMI), LLC ("IPI") in the Superior Court for the Commonwealth of the Northern Mariana Islands ("CNMI") asserting seven state law causes of action. (Compl., ECF No. 1-1 at 2.) IPI was not served with the Complaint until April 12, 2023. (Notice Removal ¶ 2, ECF No. 1 at 2.) On May 2, 2023, Defendant IPI removed the action to this Court pursuant to 28 U.S.C. § 1332(a) (diversity jurisdiction) and 28 U.S.C. § 1441(b). (Notice Removal ¶ 3, ECF No. 1.) Pending before the Court is IPI's motion to dismiss the fifth and sixth causes of action in the Complaint (ECF No. 3), which BigBang does not oppose (Pl.'s Non-Opp'n to Mot. Dismiss, ECF No. 7). Before the Court can adjudicate the motion, however, it must first ascertain whether it has subject matter jurisdiction. A review of the complaint and the notice of removal reveals that subject matter jurisdiction has not been sufficiently plead; therefore, the Court issues this decision and order sua sponte remanding this case back to the CNMI Superior Court.

I. BACKGROUND

BigBang is a limited liability company formed under the laws of the CNMI. (Compl. ¶ 5.) IPI is also a limited liability company with one sole member, Best Sunshine International Limited,

incorporated in the British Virgin Islands with its principal place of business in the Hong Kong Special Administrative Region of the People's Republic of China. (*Id.* ¶¶ 8-12.)

## II.     LEGAL STANDARD

### A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction empowered to hear only those cases authorized by the Constitution or by Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must dismiss a case if it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]" 28 U.S.C. § 1332(a). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016)). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For example, a corporation is a citizen of the state of incorporation and the state where its principal place of business is located. *Id.* In contrast, limited liability companies ("LLCs") are "citizens of every state of which its owners/members are citizens." *Id.* "[W]here an LLC is a member of another LLC, the citizenship of the 'sub-member' LLC is likewise defined by the citizenships of its own members." *19th Capital Grp., Inc. v. 3 GGG's Truck Lines, Inc.*, No. CV 18-2493 PA (RAOx), 2018 U.S. Dist. LEXIS 226595, at *4, 2018 WL 6219886 (C.D. Cal. Apr. 3, 2018) (citations omitted). For individuals, citizenship in a state requires

United States citizenship and is determined by domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### B. Removal

When a case has been removed to federal court pursuant to § 1441(b), which allows for removal based upon diversity of citizenship, the proponent of federal jurisdiction "has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citation omitted). There is a "strong presumption against removal jurisdiction" and the removal statute is strictly construed against removal jurisdiction "because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id.* (citations omitted). Diversity jurisdiction does not need to be plead exclusively through the complaint; a defendant's notice of removal may fill in the necessary facts as the party asserting diversity jurisdiction. *See Kanter*, 265 F. 3d at 857-58. A defendant's defective allegation regarding citizenship may be cured by amending the notice of removal. *Id*. at 858 ("Defective allegations of jurisdictions may be amended, upon terms, in the trial or appellate courts." (quoting 28 U.S.C. § 1653)).

### III. DISCUSSION

IPI removed this case asserting diversity jurisdiction pursuant to § 1441(b). (Notice Removal 1-2.) However, the Court concludes it does not have diversity jurisdiction based upon the complaint and notice of removal. This Court has repeatedly dismissed cases for failure to adequately plead the citizenship of businesses, which is required for diversity jurisdiction. *See Supertech, Inc. v. My Choice Software, LLC*, No. 1:23-CV-00002, 2023 U.S. Dist. LEXIS 49481, at *3-4, 2023 WL 2600396, at *2 (D. N. Mar. I. Mar. 23, 2023) (collecting cases).

Here, IPI has failed to meet its burden by a preponderance of the evidence that removal is proper because BigBang's citizenship was not adequately plead. IPI conclusory states that BigBang is a citizen of the CNMI. (Notice Removal ¶ 5.) However, because BigBang is an LLC, IPI, as the proponent of federal jurisdiction, must identify the citizenships of every member of BigBang as the members' citizenships determine BigBang's citizenship. The complaint also neither identifies BigBang's members nor their citizenships. Thus, IPI has not met its burden to establish diversity jurisdiction and the Court sua sponte remands this action. *See Dunford v. Bank of Am., N.A.*, No. 3:21-cv-1382-CAB-AHG, 2021 U.S. Dist. LEXIS 166132, at *1 (S.D. Cal. Aug. 31, 2021) (remanding case sua sponte because of lack of subject matter jurisdiction).

## IV. CONCLUSION

Based on the foregoing, the Court concludes that it lacks subject matter jurisdiction over this matter and REMANDS the case to the CNMI Superior Court. Accordingly, this Court does not have the authority to grant either party any relief and therefore does not rule on the pending motion by IPI to dismiss the fifth and sixth causes of action in the Complaint. Finally, the hearing on IPI's motion to dismiss is VACATED.

IT IS SO ORDERED this 10th day of July, 2023.

_____
RAMONA V. MANGLONA
Chief Judge